McCay, Judge.
1. We do not care to discuss the question so elaborately argued by the plaintiff in error as to the liability of the State on the indorsement of the bonds, nor as to the duty of the Treasurer or Governor to permit the bondholders to use the name of one or the other of these officers to enforce the trusts in the mortgage or trust deed. The Governor only appears in this bill for a special purpose. He asks the interposition of the Court to preserve the property until it can be ascertained whether the State is liable on the indorsement. For this reason, he joins with the other plaintiffs in the prayer of the bill. There was no answer, no cross-bill, no plea. There has occurred nothing, as appears by the pleadings, to show any right to a decree against the State, or any claim of such a decree. Can it be contended *310 that any other of these plaintiffs would not, in the present state of this cause, have the right to dismiss himself from .this bill? The statute, in terms, declares that any complainant,. either in term time or vacation, may dismiss his bill, so that he does not thereby prejudice any right of the defendant. What right of the defendant is prejudiced? ITe sets up no right, not having pleaded or filed any answer. The fact that a receiver has been appointed and the property taken out of defendant’s hands may be a wrong, but any right of defendant arising from that wrong is not in the least affected by permitting the State to go out of the litigation. The interest of the State in the bill is gone, since the Legislature has declared the State is not interested. The Governor is only the agent of the State, and if the State has no interest, it is not only his right, but his duty, to withdraw. The State cannot, against the' will of the Legislature, be compelled to submit its liabilities to its own Courts. We do not express any opinion on any of the rights of any of these parties. We simply say. that, as the litigation stood at the time of this order, it was not error to grant it.
'Judgment affirmed.
*2. On the other branch of this bill of exceptions, whilst we do not affirm the judgment, nor the contrary, we think it a mere interlocutory order, and we will not entertain a writ of error founded on it. Whilst the cause is still pending, clearly the judgment is not a final one, nor would it have been final if the permission granted had been denied. The exceptions to the report were undisposed of, and the whole matter is still pending in the Court below. The master’s report, as it stood, even if unexcepted to, was not final, since it is, of itself, very uncertain and indefinite. It would be an endless task if this Court were to hear bills of exceptions in cases like this. In a cause like the present, there- might be fifty of them before the final hearing.